Slip Op. 19-121

## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| BOSUN TOOLS CO., LTD. and CHENGDU HUIFENG NEW MATERIAL TECHNOLOGY CO., LTD., <br><br> Plaintiff and Consolidated Plaintiff, <br><br> and <br><br> DANYANG NYCL TOOLS MANUFACTURING CO., LTD. ET AL., <br><br> Plaintiff-Intervenors, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, <br><br> and <br><br> DIAMOND SAWBLADES MANUFACTURERS' COALITION, <br><br> Defendant-Intervenor and Consolidated Defendant-Intervenor. | Before: Claire R. Kelly, Judge <br><br> Consol. Court No. 18-00102 |

### OPINION AND ORDER

[Denying Zhejiang Wanli Tools Group Co., Ltd.'s motion to reverse liquidation.]

Dated: September 13, 2019

Ronald M. Wisla, Fox Rothschild LLP, of Washington, DC, argued for plaintiff-intervenor Zhejiang Wanli Tools Group Co., Ltd. With him on the brief were Lizbeth R. Levinson and Brittney Renee Powell.

John J. Todor, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, argued for defendant. With him on the brief were Franklin E. White, Jr., Assistant Director, Jeanne E. Davidson, Director, and Joseph H. Hunt, Assistant Attorney General. Of Counsel was Paul Kent Keith, Attorney, Office of the Chief Counsel for Trade Enforcement and Compliance, U.S. Department of Commerce, of Washington, DC.

Kelly, Judge: Before the court is Plaintiff-Intervenor Zhejiang Wanli Tools Group Co., Ltd.'s ("Wanli") motion to reverse liquidation of entry MH-92053940-9. See Zhejiang Wanli Tools Group Co., Ltd.'s Mot. Reverse Liquidation Entry Made Violation Ct.'s Injunction Order, Dec. 13, 2018, ECF No. 40 ("Wanli's Mot."). Wanli claims the entry was liquidated in violation of the Court's May 24, 2018, injunctive order. Id. at 2; see generally Order Statutory Injunction Upon Consent, May 24, 2018, ECF No. 19 ("Injunction"). Defendant objects and argues that U.S. Customs and Border Protection ("Customs" or "CBP") rightfully liquidated the entry because Wanli is the manufacturer, not the exporter, of the entry in question and the Injunction only covers entries for which Wanli is the exporter. Def.'s Resp. Mot. Reverse Liquidation at 2–5, Feb. 21, 2019, ECF No. 51 ("Def.'s Resp."). For the following reasons, Wanli's motion is denied.

## BACKGROUND

On January 13, 2017, the U.S. Department of Commerce ("Commerce") initiated the seventh administrative review of the antidumping duty ("ADD") order covering diamond sawblades and parts thereof from the People's Republic of China ("PRC" or "China") entered during the period of review, November 1, 2015, through October 31, 2016. Initiation of Antidumping & Countervailing Duty Admin. Reviews, 82 Fed. Reg. 4,294, 4,296 (Dep't Commerce Jan. 13, 2017). In its final determination, Commerce

Consol. Court No. 18-00102                                                                                              Page 3

calculated a weighted-average dumping margin of 82.05% for Wanli.  <u>Diamond Sawblades & Parts Thereof From the [PRC]</u>, 83 Fed. Reg. 17,527, 17,528 (Dep't Commerce Apr. 20, 2018) (final results of [ADD] admin. review; 2015–2016) ("<u>Final Results</u>").  Wanli intervened as a matter of right in this action challenging the <u>Final Results</u>.  <u>See generally</u> Order [Granting Mot. Intervene], May 24, 2018, ECF No. 20.  On May 24, 2018, the Court enjoined Commerce and CBP from "issuing instructions to liquidate or making or permitting liquidation" of "diamond sawblades and parts thereof" entered during the period of review and that were exported by eight companies, one of which is Wanli.  Injunction at 1.  On June 8, 2018, CBP liquidated entry MH-92053940-9 at a rate of 82.05%, the weighted-average dumping margin assigned to Wanli in the <u>Final Results</u>.  Believing that liquidation occurred by way of "inadvertent error," Wanli's counsel engaged in a series of discussions with Defendant to resolve the issue.  <u>See</u> Wanli's Mot. at 2.  As a result, counsel for Wanli provided Defendant and CBP with additional documents purporting to show Wanli as the exporter of the goods covered by the entry in question.  <u>Id.</u> at 2–4; Def.'s Resp. at 2.  Upon review, CBP reaffirmed its decision to liquidate because the entry in question was not exported by Wanli and was therefore not enjoined from liquidation per the terms of the Injunction.  In response to Wanli's Motion to Compel, Commerce filed with the court the affidavit of a CBP customs officer attesting to the review process and evidence supporting the decision to liquidate.  [Ex. A Decl. CBP Supervisory Import Specialist] ¶¶ 1–10, Feb. 21, 2019, ECF No. 51-1(attached to Def.'s Resp.) ("CBP Import Specialist Decl.").

After filing its motion to compel, Wanli's counsel alerted Defendant that it was in the process of acquiring additional supporting documentation from the Chinese Government. Def.'s Resp. at 5 n.2. Defendant notified the court of Wanli's counsel's attempt to acquire new information. Id. To ensure that all parties had a meaningful opportunity to be heard and that all relevant fact evidence was before the court, Wanli was ordered to produce the documentation by March 20, 2019. Letter, Mar. 13, 2019, ECF No. 56. Wanli complied, see [Wanli's] Resp. Ct.'s [Mar. 13, 2019] Letter, Mar. 20, 2019, ECF No. 61 ("Wanli's Suppl. Resp."), and Defendant had the opportunity to respond. See Def.'s Resp. Submission Re Mot. Reverse Liquidation, Mar. 27, 2019, ECF No. 63. On July 30, 2019, the court heard oral argument.

## JURISDICTION AND STANDARD OF REVIEW

The Court has jurisdiction pursuant to section 516A(a)(2)(B)(iii) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1516a(a)(2)(B)(iii) (2012), and 28 U.S.C. § 1581(c) (2012). An allegation that goods were liquidated against a statutory injunction does not deprive the Court of jurisdiction. See Argo Dutch Industries v. United States, 589 F.3d 1187 (Fed. Cir. 2009). The Court's scope and standard of review is governed by 28 U.S.C. § 2640. A motion to reverse liquidation of an entry purportedly enjoined by a statutory injunction is reviewed under section 706 of the Administrative Procedure Act ("APA"), as amended, 5 U.S.C. § 706 (2012). 28 U.S.C. § 2640(e). The court will conduct de novo review and set aside any determination not warranted by the facts. 5 U.S.C.

§ 706 (2)(F).[1]  The court will assess the facts to determine whether the motion's proponent carried its burden under the preponderance of the evidence standard.  See St. Paul Fire & Marine Ins. Co. v. United States, 6 F.3d 763, 768–69 (Fed. Cir. 1993).  In a civil action, preponderance of the evidence means "the greater weight of evidence, evidence which is more convincing than the evidence which is offered in opposition to it."  Hale v. Dep't of Transp., Fed. Aviation Admin., 772 F.2d 882, 885 (Fed. Cir. 1985).

## DISCUSSION

Wanli's motion to reverse the liquidation of entry MH-92053940-9 is denied.  Here, Danyang NYCL Tools Manufacturing Co., Ltd., Danyang Weiwang Tools Manufacturing Co., Ltd., Hangzhou Deer King Industrial and Trading Co., Ltd., Guilin Tebon Superhard Material Co., Ltd., Jiangsu Youhe Tool Manufacturer Co., Ltd., Quanzhou Zhongzhi Diamond Tool Co., Ltd., Rizhao Hein Saw Co., Ltd., and Wanli (collectively "Plaintiff-Intervenors") filed a proposed statutory injunction upon consent.  See Form 24 Proposed Order for Statutory Injunction Upon Consent, May 24, 2018, ECF No. 14 .  In its filing, Plaintiff-Intervenors named the eight companies whose entries would be covered by the statutory injunction and identified each of those companies as exporters.  Id. at 2.  Plaintiff-Intervenors, therefore, limited the scope of the injunction to companies who acted as exporters and did so even though the form injunction allows the filer to identify any company listed as a foreign producer, exporter, or both.  See USCIT, Form 24 Order for

---

[1] Wanli's motion is styled as a motion to reverse liquidation of entry MH-92053940-9 and is based on Wanli's allegation that CBP violated the terms of the court's Injunction.  The underlying relief sought is an order from this court compelling CBP to reverse liquidation and come into compliance with the Injunction.

Consol. Court No. 18-00102                                                                                             Page 6

Statutory Injunction Upon Consent at 2 (Oct. 23, 2017), <u>available at</u> https://www.cit.uscourts.gov/sites/cit/files/Form%2024.pdf; <u>see also</u> Injunction (demonstrating the options available to the Plaintiff-Intervenors). On May 24, 2018, the court granted the proposed injunction, as filed, and no party has sought to amend the terms of the Injunction. Here, although the Injunction enjoins Commerce and CBP from liquidating diamond sawblades and parts thereof imported during the relevant period of review, it is limited to entries that Wanli exported,[2] not entries that Wanli produced but which were exported by another company. <u>See</u> <u>id.</u> The party seeking to reverse liquidation must demonstrate by a preponderance of the evidence that the liquidated entry was within the scope of the relevant injunction. <u>See</u> <u>St. Paul Fire</u>, 6 F.3d at 768–69. Therefore, to conclude that CBP failed to comply with the terms of the Injunction, the court would need to find that Wanli exported the goods in entry MH-92053940-9. The evidence before the court does not support such a conclusion.

Evidence before the court shows that Jiarong Enterprises Co., Ltd. ("Jiarong"), not Wanli, was the exporter for all the goods imported in entry MH-92053940-9.[3] The Entry Summary Form (CBP Form 7501) for the entry in question contains thirteen lines of goods. <u>See generally</u> Attach. 3 to Wanli's Mot. at 2–4, Dec. 13, 2018, ECF No. 40-1 ("Entry Summary Form"). Wanli alleges that it exported the goods described on Line No.

---

[2] In addition to Wanli, the Injunction identifies seven other exporter companies whose entries are enjoined from liquidation. Injunction at 2. The identity of those companies is not relevant for the purposes of ruling on Wanli's motion.

[3] The Injunction does not list Jiarong among the companies whose entries are enjoined from liquidation and no evidence before the court suggests that Jiarong and Wanli are the same entity. In fact, Wanli's counsel confirmed that the two companies are unrelated in response to a question posed by the court during oral argument. Oral Arg. at 00:02:58–00:03:01.

Consol. Court No. 18-00102 Page 7

012 ("line 12") of the Entry Summary Form. See Wanli's Mot. at 2–4. However, the Entry Summary Form, which denotes the bill of lading by the letters "MBL," identifies a single bill of lading for all thirteen lines of goods encompassed in the entry. Entry Summary Form at 1; see also CBP Import Specialist Decl. ¶¶ 4, 7. That bill of lading, number CMDUNBLF016753, lists Jiarong as the shipper exporter. See [Ex. B to Def.'s Resp.], Feb. 21, 2019, ECF No. 51-2. In fact, Wanli's counsel, in an email, concedes that "on Entry MH-92053940, only Jiarong Enterprises Co., Ltd. (and not Zhejiang Wanli) was listed as the shipper [e]xporter." Id. No evidence before the court demonstrates that anyone other than Jiarong exported the goods covered by the entry in question. Given that the Injunction specifically limits the scope of its application to Wanli as an exporter of the subject merchandise entered during the relevant period of review and Wanli has not shown that it is the exporter for the entry in question, CBP properly liquidated the entry at issue.

The four pieces of information Wanli identifies in support of its contention that it is the exporter of the goods in line 12 are unavailing. Wanli's Mot. at 2–4; Wanli's Suppl. Resp. at 2–3. The inclusion of Wanli's manufacturer ID number, CNZHEWANHAN, in line 12, shows Wanli's status as the manufacturer of the goods referenced, not the exporter.[4] Although Invoice 2 (NBJR16016-1) was issued by Wanli and relates to line 12 of the entry, the invoice does not refer to Wanli as the exporter of the goods at issue. See

---

[4] Although Defendant challenges Wanli's assertion that manufacturer ID CNZHEWANHAN corresponds to Wanli and argues that ID number actually corresponds to Zhejiang Wanda Tools Co., Ltd., Defendant does not contest, for the purposes of this motion, that Wanli was the manufacturer of the goods in the entry at issue here. Def.'s Resp. at 4. The correctness of the manufacturer ID is not dipositive of who exported the goods in line 12.

Entry Summary Form at 3; Attach. 4 to Wanli's Mot., Dec. 13, 2018, ECF No. 40-1. Further, although line 12 contains Wanli's unique exporter ID (A-570-900-060), as the CBP Import Specialist explains, CBP does not rely on that identification number alone and instead requests additional documentation, as it did in this case. CBP Import Specialist Decl. ¶ 6. Here, the additional documentation available to CBP was the Bill of Lading which identifies Jiarong as the exporter, not Wanli. The two documents comprising the Chinese export documentation are similarly unavailing. Although both documents list Wanli as the "Export unit," neither document bears any seal nor any insignia indicating that either was issued by the Chinese Government. See Wanli's Suppl. Resp. at Attach. I (producing two documents—"Notification of Paperless Export Release for Customs Clearance" and "Customs Declaration for Export of the Peoples' Republic of China"). In fact, during oral argument, Wanli's counsel confirmed that both documents are copies of forms the exporter broker filed with the Chinese Government. Oral Arg. at 00:05:06–00:05:31. Further, both documents reference the Bill of Lading that clearly identifies Jiarong, not Wanli, as the exporter of the goods at issue. Wanli's Suppl. Resp. at Attach. I (referring to "Customs Declaration for Export of the Peoples' Republic of China"). Accordingly, evidence before the court fails to show that Wanli is the exporter of the merchandise and that CBP or Commerce failed to comply with the court's order enjoining liquidation.

Consol. Court No. 18-00102                                                                                   Page 9

## CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Wanli's motion to reverse liquidation is denied.

           /s/ Claire R. Kelly  
           Claire R. Kelly, Judge

Dated: September 13, 2019  
        New York, New York